# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CR-18-156-D |
| GERMAINE COULTER, SR. | ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Application to File *Ex Parte* Opposed Motion to Continue Jury Trial Under Seal [Doc. No. 81]. The government has responded [Doc. No. 82] and Defendant has replied [Doc. No. 83]. The matter is fully briefed and at issue.

## BACKGROUND

Defendant was indicted in June 2018 on a charge of conspiracy to commit child sex trafficking in violation of 18 U.S.C. § 1591(a)(1), (a)(2), (b)(2), and (c), and a charge of child sex trafficking in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), and (c), § 1594(a), and 18 U.S.C. § 2. The Court granted the government's motion to designate this matter as a case "of special public importance" pursuant to 18 U.S.C. § 3509(j) and noted that "designation of the case as being of special public importance will require the Court to consider the interests of the child witnesses in a speedy resolution of this matter in determinations that might result in delay." Order [Doc. No. 44]. On November 13, 2018, a Superseding Indictment [Doc. No. 64] was returned adding an additional child victim.

On August 29, 2018, the Court held a hearing on Defendant's Unopposed Application for Psychiatric Evaluation [Doc. No. 52]. The court found reasonable cause to believe Defendant was suffering from a mental disease or defect that rendered him mentally incompetent to the extent that he was unable to assist properly in his defense and, therefore, ordered Defendant "committed to the custody of the Attorney General so that a psychiatric examination of Defendant could be conducted to determine his competency." Order [Doc. No. 55] at 1-2. Pursuant to the Court's Order, Defendant was committed to the Federal Detention Center at SeaTac, Washington, on October 4, 2018, and the Bureau of Prisons requested the thirty (30) day evaluation period to begin on that day. Letter from Bureau of Prisons, October 15, 2018, [Doc. No. 60].

The Court received the psychiatric evaluation [Doc. No. 68] on December 5, 2018. On March 15, 2019, the Court held a competency hearing pursuant to 18 U.S.C. § 4247(d). At the hearing, Defendant, through counsel, stipulated that he is competent to stand trial pursuant to the findings in the psychiatric examination; the government agreed. Order [Doc. No. 78] at 2. Based on the governing statute, the report, and having observed Defendant during the hearing, the Court accepted the parties' stipulation and determined that Defendant is competent to stand trial. *Id*. at 2.

Defendant was arraigned on the Superseding Indictment on March 29, 2019. Minute Entry [Doc. No. 80]. On April 2, 2019, counsel for Defendant contacted counsel for the government to inquire if the government would oppose a motion to continue the trial sixty to ninety (90) days. Response at 3. Counsel for the government informed counsel for Defendant that the motion would be opposed, and Defendant then filed the

instant Application requesting leave to file under seal an *ex parte* opposed motion to continue the jury trial pursuant to LCrR 12.2.

## DISCUSSION

LCrR 12.1(f)(5)(D) provides that if a motion for continuance "would require divulging trial strategy or information of a highly personal nature, including medical data, the movant may seek leave to file the motion under seal" and "[i]f trial strategy would be revealed, the motion and request for leave may be presented *ex parte*." Pursuant to LCrR 12.2, "[a]ny party requesting that any pleading, document, or other matter be filed under seal (such as ex parte . . .) shall file an application and proposed order with the assigned judge."

The government objects to Defendant's Application on the grounds that: (1) Defendant failed to provide a reason for filing his motion for continuance under seal or *ex parte*; (2) "any continuance would implicate child victim rights and the public's right to a speedy trial"; and, (3) Defendant's Application does not meet the standards applied under the common law right of access or the First Amendment for sealing court documents. Response at 4-5, 6. The government requests that if the Court is inclined to grant relief, that the Court authorize only "redactions of sensitive information, as opposed to the wholesale sealing of the motion." Response at 2.

Although Defendant did not state in the Application the justification for his request to file *ex parte* and under seal, he does so in his Reply. Defendant asserts that his motion for continuance will necessarily include defense trial strategy and that pursuant to LCrR 12.1(f)(5)(D) the motion may be presented *ex parte*. Reply at 2, 3. Defendant also limits

3

his request "to file *ex parte* under seal the paragraphs under 12.1(f) that would divulge trial strategy." Reply at 4.

Both parties have expressed that limited redaction would be acceptable. Response at 2, 7-8; Reply at 3. Therefore, there is no need for the Court to address the government's other objections to the *ex parte*, sealed filing of Defendant's motion to continue. The Court will permit Defendant to file a redacted motion in the case record, and file an unredacted version of the motion, under seal and *ex parte*, which shall include those portions of his motion to continue that would divulge trial strategy.

## CONCLUSION

For the reasons state above, Defendant's Application to file Defendant's *Ex Parte* Opposed Motion to Continue Jury Trial Under Seal [Doc. No. 81] is **GRANTED** in part and **DENIED** in part.

**IT IS THEREFORE ORDERED** that Defendant shall file a redacted version of his motion to continue in the case record, with all portions divulging trial strategy redacted.

**IT IS FURTHER ORDERED** that Defendant shall also file an unredacted version of his motion to continue *ex parte* and under seal.

**IT IS SO ORDERED** this 11th day of April 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

4