IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CR-18-156-D |
| | ) | |
| GERMAINE COULTER, SR., | ) | |
| a/k/a "Slim," | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court are Defendant's Motions in Limine to exclude evidence of: (1) use of physical violence to control adult sex workers and alleged victims [Doc. No. 145]; (2) Defendant's past drug use and/or trafficking of drugs as part of enticing and recruiting victims [Doc. No. 146]; (3) Defendant's operation of a "profitable business" with "fancy cars" and "multiple expensive homes" [Doc. No. 147]; and, (4) Defendant's prior convictions [Doc. No. 148]. The government has responded [Doc. No. 154]. In addition, the government filed its own Motion in Limine to Admit Evidence as Instrinsic or as Rule 404(b) Evidence [Doc. No. 138] which overlaps with, and responds to, Defendant's Motions in Limine in certain respects.

**BACKGROUND**

Defendant was indicted in June 2018 on a charge of conspiracy to commit child sex trafficking in violation of 18 U.S.C. § 1591(a)(1), (a)(2), (b)(2), and (c), and a charge of child sex trafficking in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), and (c), § 1594(a), and 18 U.S.C. § 2. The Court granted the government's motion to designate this matter as a

case "of special public importance" pursuant to 18 U.S.C. § 3509(j). Order [Doc. No. 44]. On November 13, 2018, a Superseding Indictment [Doc. No. 64] was returned adding an additional child victim.

The Superseding Indictment alleges that Defendant engaged in recruiting, enticing, providing, transporting, harboring, obtaining, and maintaining minors who had not attained the age of 18 years for the financial benefit of Defendant, and others, and for commercial sex transactions. Superseding Indictment at 3, 13, 14. The Superseding Indictment further alleges that Defendant and his coconspirator, Elizabeth Andrade, promised independence, money, cars, nail services, apartments, and drugs in order to recruit and entice minor females. *Id*. at 3. All of the charges are alleged to have occurred between on or about January 1, 2018, and on or about February 19, 2018.

Addressed in this Order are four motions in limine filed by Defendant [Doc. Nos. 145, 146, 147, and 148]. Defendant moves to preclude the government from introducing evidence of: (1) prior convictions and involvement in "pimping and trafficking"; (2) use of physical violence to control the women and girls who worked for him or the alleged victims; (3) Defendant's alleged profitable business with "fancy cars and multiple expensive homes" and use thereof to recruit; and, (4) Defendant's past drug use and/or trafficking of drugs. This Order also address the government's Motion in Limine to Admit Evidence [Doc. No. 138] in which it seeks admission of Defendant's prior convictions and other bad acts pursuant to Rule 404(b) or as intrinsic to the crimes charged.

2

**STANDARD**

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41, n. 16, 105 S. Ct. 460, 463, 83 L. Ed. 2d 443 (1984) (citing Fed. R. Evid. 103(c); cf. Fed. R. C. P. 12(e)). As such, "[t]he purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F. Supp. 2d 1201, 1208 (D. Kan. 2008) *aff'd*, 402 Fed.Appx. 337 (10th Cir. 2010) (internal quotations omitted). Despite these streamlining benefits, "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In order to exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). However, "the district court may change its ruling at any time for whatever reason it deems appropriate." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (citations omitted); *see also Luce*, 469 U.S. at 41 ("The ruling is subject to change when the case unfolds … [E]ven if nothing unexpected happens at trial, the

district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

**DISCUSSION**

On June 7, 2019, the government filed its Notice of Intent to Introduce Rule 404(b) Evidence [Doc. No. 129] stating that it anticipated introducing Defendant's prior convictions and various arguably illegal activities as evidence intrinsic to the charged conduct or admissible pursuant to Rule 404(b). Defendant's Motions in Limine [Doc. Nos. 145-148] seek to exclude evidence enumerated in the Notice as well as other evidence. The government filed its own Motion in Limine to Admit Evidence [Doc. No. 138] asserting that evidence of "Defendant's long history of sex trafficking, drug use, drug trafficking, and racketeering" and his prior related convictions is intrinsic evidence or, alternatively, admissible under Rule 404(b). Motion [Doc. No. 138] at 2. Because the government incorporates the arguments contained in its Motion to Admit in its response to Defendant's Motions in Limine, the Court will address all five motions in this Order.[1]

**I.    Prior Convictions Pursuant to Rule 609(a)**

On June 28, 2019, the government file its Notice of Intent to Introduce Rule 609(a) Evidence [Doc. No. 140] stating that, in the event Defendant elects to testify, it intends to introduce evidence of Defendant's prior felony convictions to impeach his credibility. Notice at 1. In response, Defendant filed a Motion in Limine [Doc. No. 148] seeking to exclude his prior convictions, asserting that: (1) the government has not identified which

---

[1] Other evidentiary motions, and other pending requests for relief, will be addressed by the Court at an upcoming hearing, and the Court will issue rulings from the bench.

4

prior convictions the government intends to introduce; (2) such evidence would be unfairly prejudicial and confuse or mislead the jury; and, (3) convictions more than ten (10) years old should not be admitted. Motion at 2, 3, 4, and 6.

Rule 609(a) is used for "attacking *a witness's* character for truthfulness." It is unknown at this time whether the Defendant will testify at trial. The Court notes, generally, that in addressing admissibility under Rule 609 at trial, the five-factor test discussed in *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014) applies. On the current record, the Court does not have sufficient information to effectively apply the five-part test. In this regard, the Court notes that two of the convictions listed by the government appear to be more than ten years old, implicating Rule 609(b). Therefore, the Court reserves ruling on this issue until the appropriate time during trial.

## II. Evidence Offered as Intrinsic or Pursuant to Fed. R. Evid. 404(b)

Rule 404 (b) provides that although "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character to show that" the person acted in accordance therewith, such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1) and (2). Four factors govern the admissibility of evidence of other crimes or wrongs under Rule 404(b): (1) the evidence must be offered for a proper purpose; (2) it must be relevant; (3) its probative value must not be substantially outweighed by its potential for unfair prejudice under Rule 403; and, (4) the court must give a proper limiting instruction if it is requested by the defendant. *United*

*States v. Moran,* 503 F.3d 1135, 1143 (10th Cir.2007) (*citing Huddleston v. United States,* 485 U.S. 681, 691–92 (1988)).

When offering evidence under Rule 404(b), "the government bears the burden of showing that the proffered evidence is relevant to an issue other than character." *United States v. Youts*, 229 F.3d 1312, 1317 (10th Cir. 2000). "The government must 'articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred' from the other acts evidence." *Id.* (quoting *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir.1985)); *see also United States v. Commanche*, 577 F.3d 1261, 1266 (10th Cir. 2009).

"Rule 404(b) [of the Federal Rules of Evidence] limits the admissibility of evidence related to other crimes [or] wrongs, but it only applies to evidence of acts extrinsic to the charged crime." *United States v. Irving,* 665 F.3d 1184, 1212 (10th Cir.2011) (internal quotations and citation omitted). "If the contested evidence is intrinsic to the charged crime, then Rule 404(b) is not even applicable." *Id*. at 1212; *see also United States v. Watson*, 766 F.3d 1219, 1235 (10th Cir. 2014) ("[I]f the other-acts evidence is intrinsic to the charged crime - that is, 'inextricably intertwined' with the evidence of the charged crime - it is admissible without regard to Rule 404(b)'s prohibitions."). As stated by the Tenth Circuit:

> Generally speaking, intrinsic evidence is that which is directly connected to the factual circumstances of the crime and provides contextual background information to the jury. Extrinsic evidence, on the other hand, is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense.

*U.S. v. Parker,* 553 F.3d 1309, 1314 (10th Cir. 2009) (internal quotation marks and citations omitted).

The government seeks admission of evidence of Defendant's prior convictions and his prior history of sex trafficking, drug trafficking, and racketeering. Motion [Doc. No. 138] at 2, 3, and 5; Notice of Intent to Introduce Rule 404(b) Evidence [Doc. No. 129] at 1, 2. The government states that much of this evidence will come from testimony by Andrade describing her past involvement in sex trafficking with Defendant beginning in 2008 and the methods used for recruitment and training. Motion to Admit at 3. The government asserts that this evidence is intrinsic to the charge of child sex trafficking in that it "provides necessary context for the jury to assess the credibility of Andrade, Mullins [another adult sex worker witness], and the victims in this case." *Id.* at 4. Likewise, the government contends that "Coulter's prior convictions and the surrounding circumstances while sex trafficking Andrade is necessary to tell the story of how the co-conspirators met and provides critical context for their relationship when the charged count occurred." Motion to Admit at 5. In the alternative, the government contends this evidence is admissible under Rule 404(b) as it "show[s] his state of mind with respect to the charged conduct and modus operandi." Motion to Admit at 6.

A.  **Prior Convictions**

The government seeks to admit Defendant's prior convictions for racketeering and drug offenses. Although the government lists multiple convictions in its Notice to Introduce 404(b) Evidence [Doc. No. 129], the government specifically mentions in its Motion to Admit only Defendant's prior conviction for racketeering involving his former co-defendant in this case, Elizabeth Andrade. The government provides no specific facts related to that conviction and fails to apply any of the Rule 404(b) factors. Motion to Admit

7

at 5; Notice of Intent at 2; Response at 3. The government's Response to Motion to Disclose 404(b) Evidence [Doc. No. 106] provides only that Defendant and Andrade "were both charged in a racketeering case." Response to Motion to Disclose at 2. Instead of any details or comparison of that prior conviction to the crime charged here, the government makes only conclusory arguments that "Defendant's prior convictions" are "admissible to show Defendant's modus operandi," "state of mind," and his "plan, intent, preparation, identity, and absence of mistake or accident" and that the involved behavior is "nearly identical" as that alleged in this case. Notice of Intent at 3; Motion to Admit at 8; Response at 3.

Further, the government fails to present any specific argument or authority to demonstrate how the unspecified prior convictions satisfy even the first of the Rule 404(b) factors, that the evidence is offered for a "proper purpose." As in *Commanche*, 577 F.3d at 1264, the government "merely recite[s] the language of 404(b) as to the permissible purposes" of the evidence. The Court cannot determine from the present record that the government has articulated an evidentiary hypothesis by which a fact of consequence may be inferred from the proffered "other acts" evidence. Although it may be that evidence regarding Andrade's past activities with Defendant is intrinsic to the instant charges, or permissible 404(b) evidence, it is the government's task to articulate the theory of admissibility at trial.

> B. **Prior Convictions as Intrinsic**

Because the government has failed to specify the facts and circumstances of the prior convictions and how they relate to the crime charged in this case, the Court cannot

8

find that the prior convictions are intrinsic to the crime charged. The government has not sufficiently demonstrated at this time that they are "directly connected to the factual circumstances of the [charged] crime and provide[] contextual or background information to the jury." *United States v. Duncan*, 766 Fed. Appx. 604, 608 (10th Cir. 2019) (quoting *United States v. Irving*, 665 F.3d 1184, 1210 (10th Cir. 2011)). Accordingly, Defendant's prior convictions are not deemed admissible as intrinsic evidence based on the current record before the Court. The government's Motion to Admit is denied as to this issue.

C. **Evidence of Other Acts**

Defendant objects to the admission of evidence of: (1) past drug use and/or trafficking of drugs for the purpose of recruiting and enticement; (2) that he used physical violence, affection, or manipulation to control Andrade, other women, or any of the alleged minor victims; (3) his use of "fancy cars," "multiple expensive homes," and "his very profitable business" to recruit Andrade "and/or any other woman or girl." Motion [Doc. No. 146] at 1; Motion [Doc. No. 145] at 2; Motion [Doc. No. 147] at 2. Defendant argues that this evidence is irrelevant, and would be unduly prejudicial and should be excluded pursuant to Rule 403. The government responds that: (1) Defendant improperly seeks to exclude evidence material to the current charges against him; and, (2) this evidence is admissible as pursuant to Rule 404(b) or as intrinsic to the charged crimes. Response at 2, 3.

The Superseding Indictment charges Defendant with "recruit[ing] and entic[ing] minor females to perform sex work" by promising "independence, money, cars, nail services, apartments, and drugs." Superseding Indictment at 3. To the extent that

9

Defendant seeks to exclude evidence of "other acts" that are alleged to have occurred as a part of the charged crime in the Superseding Indictment, the Court denies Defendant's Motions in Limine.

Accordingly, Defendant's Motions in Limine [Doc. Nos. 145, 147, 146] are denied, subject to Defendant's right to make contemporaneous, specific objections during trial.

## CONCLUSION

For the above stated reasons, the government's Motion in Limine to Admit Evidence as Intrinsic or as Rule 404(b) Evidence [Doc. No. 138] is **GRANTED** in part, **DENIED** in part, and **DEFERRED** in part as set forth herein. Defendant's Motion in Limine to Exclude Prior Convictions [Doc. No. 148] is **GRANTED** in part and **DEFERRED** in part as set forth herein. Defendant's Motions in Limine [Doc. Nos. 145, 147, and 146] are **DENIED**.

**IT IS SO ORDERED** this 12th day of July 2019.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge