# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CR-18-156-D |
| | ) |
| GERMAINE COULTER, SR., | ) |
| a/k/a "Slim," | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Supplemental Objection to the Government's Proposed Jury Instructions [Doc. No. 162]. The government has responded.

Defendant asserts that the 18 U.S.C. § 1591(c) is unconstitutionally vague and "too imprecise to meet constitutional protections of due process." Defendant contends that the statute fails to sufficiently define "what constitutes a reasonable opportunity to observe or view the victim." Supplemental Objection at 3.

Because a finding that the statute is unconstitutionally vague such that it is void would necessarily render the Superseding Indictment infirm and deprive the Court of subject matter jurisdiction, the Court construes Defendant's Objection as a motion to dismiss the Superseding Indictment [Doc. No. 64].

The government responds that: (1) Defendant's Motion is untimely; and, (2) the statute is not void on vagueness grounds. Government's Response to Defendant's Vagueness Challenge to Jury Instructions [Doc. No. 167].

## UNTIMELINESS

Fed. R. Crim. P. 12(b)(2) states that a pretrial "motion that the court lacks jurisdiction may be made at any time." Therefore, the Defendant's Motion is not untimely and the Court will address its merits.

## DUE PROCESS CHALLENGE

"A conviction fails to comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18, 130 S. Ct. 2705, 2718, 177 L. Ed. 2d 355 (2010) (quoting *United States v. Williams,* 553 U.S. 285, 304, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008)). Put another way, a statute is not unconstitutionally vague if it provides "a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972) (citation and internal quotation marks omitted).

Several circuits and district Courts, including this Court, have rejected Defendant's argument. In *United States v. Whyte*, 17-15223, 2019 WL 3000797, at *8 (11th Cir. July 10, 2019) (citing *United States v. Mozie*, 752 F.3d 1271, 1282 (11th Cir. 2014)), the Eleventh Circuit held that "the standard 'reasonable opportunity to observe' is not unconstitutionally vague." In support of its holding, the Eleventh Circuit quoted its previous holding in *Mozie* that the argument:

> that an ordinary person would not understand what qualifies as ... a 'reasonable opportunity to observe' runs counter to centuries of jurisprudence; those terms are familiar legal concepts that have played an integral role in defining proscribed conduct over the years.

*Whyte*, 17-15223, 2019 WL 3000797, at *8 (11th Cir. July 10, 2019) (quoting *Mozie*, 752 F.3d at 1283.

The Ninth Circuit has likewise held that the phrase "a reasonable opportunity to observe" is not unconstitutionally vague as "the terms used in the phrase 'are not esoteric or complicated terms devoid of common understanding.'" *United States v. Rico*, 619 Fed. Appx. 595, 599 (9th Cir. 2015) (quoting *United States v. Osinger,* 753 F.3d 939, 945 (9th Cir. 2014)).

Defendant relies on *United States v. Davis*, 139 S. Ct. 2319, 2323, 2336, (2019), which held that "[18 U.S.C.] § 924(c)(3)(B) is unconstitutionally vague" in that it does not adequately define what crimes constitute felonies "that by [their] nature, involv[e] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

*Davis* is inapposite here. 18 U.S.C. § 1591 clearly provides fair notice of what is prohibited – sex trafficking of children. This Court has previously stated that the burden imposed by § 1591(c) does not render it unconstitutionally vague as "the remaining elements of the crime adequately limit its reach and apprise the public of conduct it punishes." *United States v. Ehrens*, CR-15-200-C, (W.D. Okla. Nov. 19, 2015).

The Court declines to waiver from the precedent of the Tenth Circuit's holding in *United States v. Duong*, 848 F.3d 928, 933 (10th Cir. 2017), that "§ 1591(c), by its plain

3

language, permits the government to meet its burden of proving knowledge by showing the defendant had a reasonable opportunity to view the child victim" and follows the other Circuits which have considered this question in denying Defendant's Motion to Dismiss for lack of subject matter jurisdiction.

Accordingly, the Court finds that neither the challenged phrases of the statute, nor the statute as a whole, are unconstitutionally vague and **DENIES** Defendant's Motion to Dismiss the Superseding Indictment.

Further, any matters related to the jury instructions contained in either party's objections to proposed jury instructions will be addressed during upcoming jury instructions conferences, and the hearing to determine the final jury instructions.

**IT IS SO ORDERED** this 15th day of July 2019.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge