IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-18-156-D |
| ) | |
| GERMAINE COULTER, SR., ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the Court is Defendant Germaine Coulter, Sr.'s Motion to Unseal Judicial Documents [Doc. No. 386]. Mr. Coulter asks that the Court unseal his co-defendant, Elizabeth Andrade's, "plea agreement documents, and hearing proceedings thereof, and that Mr. Coulter be provided a copy of any, and all[,] judicial documents the [C]ourt deems fit to unseal." *Id.* at 5.[1] In its Response [Doc. No. 396], the Government agrees to a "limited unsealing of [Ms. Andrade's] plea supplement to allow defense counsel to review it, subject to the Protective Order." *Id.* at 8. However, the Government argues that the plea supplement should otherwise "be protected from public access." *Id.*

The Court's analysis is guided by the principles set forth in *United States v. Bacon*:

> Courts have long recognized a common-law right of access to judicial records. Although this common law right is not absolute, there is a strong presumption in favor of public access. This strong presumption of openness can be overcome where countervailing interests heavily outweigh the public interests in access to the judicial record. Therefore, the district court, in

---

[1] Although Mr. Coulter's Motion mentions documents other than Ms. Andrade's plea supplement, the documents he mentions—such as Ms. Andrade's plea agreement—are not sealed, and it appears to the Court that Mr. Coulter is primarily concerned with the plea supplement. Therefore, this Order addresses only Ms. Andrade's plea supplement.

exercising its discretion [to seal or unseal judicial records], must weigh the interests of the public, which are presumptively paramount, against those advanced by the parties.

950 F.3d 1297, 1292-93 (10th Cir. 2020) (internal citations and quotations omitted) (alteration in original).

Here, there are two interests at stake: (1) the presumption of public access to Ms. Andrade's plea supplement and (2) the Government's interest in adhering to a policy aimed at protecting potential cooperators. The Court agrees with the Government that the "public's interest in the plea supplement likely depends on what the plea supplement says." Gov't Resp. at 6. As the party seeking to keep Ms. Andrade's plea supplement sealed, the Government "bears the burden of justifying that secrecy, even where, as here, the district court already previously determined that those documents should be sealed." *Bacon*, 950 F.3d at 1293 (quoting *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013)). The Government must "articulate a sufficiently significant interest that will justify continuing to override the presumption of public access" to Ms. Andrade's plea supplement. *See id.*

Upon consideration, the Court finds that that scales tip in favor of the Government. As the Government notes in its Response, protecting potential cooperators by sealing all plea supplements is a policy recognized by a committee of the Judicial Conference of the United States and memorialized in the Court's Local Rules. *See id.* at 3-5. And the specific facts of this case support keeping Ms. Andrade's plea supplement sealed. Indeed, the Government sets forth numerous examples of evidence introduced during Mr. Coulter's trial that strongly bolster such a conclusion. *See id.* at 7-8. Therefore, because the Government has "articulate[d] a sufficiently significant interest that [justifies] continuing


to override the presumption of public access" to Ms. Andrade's plea supplement, the Court will not unseal Ms. Andrade's plea supplement so as to provide access to the general public. *See Bacon*, 950 F.3d at 1293.

Although it will not unseal Ms. Andrade's plea supplement to the public, the Court will allow a limited unsealing of Ms. Andrade's plea supplement so that it may be viewed by Mr. Coulter's counsel. The Court finds that such a limited unsealing strikes the appropriate balance between the competing interests at stake, specifically as it relates to this case.[2] The Court reminds Mr. Coulter's counsel that his access to Ms. Andrade's plea supplement is governed by the Protective Order previously entered in this case [Doc. No. 33], as well as all applicable Federal Rules of Criminal Procedure and the Court's Local Rules.

**IT IS THEREFORE ORDERED** that Mr. Coulter's Motion to Unseal Judicial Documents [Doc. No. 386] is **GRANTED IN PART** and **DENIED IN PART**, as more fully set forth herein.

**IT IS FURTHER ORDERED** that the Government is directed to promptly provide Mr. Coulter's counsel with a copy of Ms. Andrade's plea supplement.

---

[2] It is unclear to the Court how Ms. Andrade's plea supplement would have any bearing on any issue to be raised in Mr. Coulter's § 2255 motion.

**IT IS SO ORDERED** this 3rd day of May, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge